# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 15 2018, 10:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Justin R. Wall
Wall Legal Services
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Jeffery Jenkins,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

March 15, 2018

Court of Appeals Case No.
85A02-1708-CR-1882

Appeal from the Wabash Circuit Court

The Honorable Robert R. McCallen, III, Judge

Trial Court Cause No.
85C01-9809-CF-93

**Barnes, Judge.**

## Case Summary

Jeffrey Jenkins appeals his conviction for Class C felony forgery. We affirm.

## Issue

Jenkins raises one issue, which we restate as whether the evidence is sufficient to sustain his conviction.

## Facts

In 1998, Jenkins applied for township assistance with Noble Township in Wabash County. Wendy Lengel (now Wendy Bowling) gave Jenkins a voucher for $25.00 in groceries at LoBill Foods. Katie Tiffany (now Katie VanFleet) drove Jenkins to LoBill Foods and saw Jenkins use the voucher, which had been altered to read $125.00, to purchase groceries. The State charged Jenkins with Class C felony forgery, but he was not arrested until 2016. After a bench trial, the trial court found Jenkins guilty as charged and sentenced him to two years suspended to probation. Jenkins now appeals.

## Analysis

Jenkins argues that the evidence is insufficient to sustain his conviction. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id.*

At the time of Jenkins's offense, the forgery statute provided:

A person who, with intent to defraud, makes or utters a written instrument in such a manner that it purports to have been made:

(1) by another person;

(2) at another time;

(3) with different provisions; or

(4) by authority of one who did not give authority;

commits forgery, a Class C felony.

Ind. Code § 35-43-5-2.

[6] Jenkins's main argument is that State's Exhibit 1, which contained a duplicate of the original voucher and the altered voucher, was never admitted at the trial. However, in the judgment of conviction, the trial court noted: "State's Exhibit 1 was conditionally admitted and taken under advisement at the conclusion of the evidence. The Court now confirms that State's Exhibit 1 is admitted and has been considered, without condition." Appellant's App. Vol. II p. 23. Consequently, Jenkins's argument fails.

[7] The State presented evidence through the testimony of Wendy Lengel, the testimony of Kathy Tiffany, and State's Exhibit 1 that Jenkins obtained a voucher from Lengel for $25.00 of food assistance and used the voucher, which was altered to read $125.00, to purchase groceries. To the extent that Jenkins suggests that he was not the person who altered or used the voucher, we note

that the $25.00 voucher was issued to Jenkins and that Kathy Tiffany identified the defendant as the person who used the altered voucher. His argument is merely a request that we reweigh the evidence, which we cannot do. The State presented sufficient evidence to demonstrate that Jenkins committed Class C felony forgery.

## Conclusion

[8] The evidence is sufficient to sustain Jenkins's conviction. We affirm.

[9] Affirmed.

Najam, J., and Mathias, J., concur.